**RAJ V. ABHYANKER**, California SBN 233,284
raj@legalforcelaw.com
**BATKHAND ZOLJARGAL**, California SBN 262,918
zola@legalforcelaw.com
**LEGALFORCE RAPC WORLDWIDE**
1580 W. El Camino Real, Suite 10
Mountain View, California 94040
Telephone: 650.965.8731
Facsimile: 650.989.2131

Attorneys for Plaintiffs,
LegalForce RAPC Worldwide, P.C.,
LegalForce Inc., and Raj V. Abhyanker

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

UNLIMITED JURISDICTION

| | |
|---|---|
| 1. LEGALFORCE RAPC WORLDWIDE, P.C.;<br>2. LEGALFORCE INC.; and<br>3. RAJ V. ABHYANKER,<br><br>Plaintiffs,<br><br>v.<br><br>1. TRADEMARKS INFORMATION INTERNATIONAL LLC.;<br>2. NICHOLAS GREENSIDE;<br>3. STEPHEN W. ERICKSON; AND<br>4. ROGERS, SHEFFIELD & CAMPBELL, LLP,<br><br>Defendants; | Case No. 5:17-cv-7354<br><br>**COMPLAINT FOR:**<br><br>1. FEDERAL UNFAIR COMPETITION;<br>2. CALIFORNIA UNFAIR COMPETITION; AND<br>3. CALIFORNIA FALSE AND MISLEADING ADVERTISING.<br><br>**Unlimited Civil Jurisdiction**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

AND DOES 1-50.

1.     Plaintiffs LegalForce RAPC Worldwide, P.C., LegalForce, Inc., and Raj V. Abhyanker (jointly, "LegalForce" or "Plaintiffs") submit the following complaint (the "Complaint") against Trademarks Information International LLC ("Trademarks411.com"), principal owner internet entrepreneur Nicholas Greenside ("Greenside"), covert principal owner attorney Stephen W. Erickson ("Erickson"), and Rogers, Sheffield & Campbell, LLP ("RS&C"), a law firm in which Erickson is simultaneously a Partner (collectively referred to as "Defendants" or "Trademarks411.com Entities").

## NATURE OF ACTION

2.     This Complaint is brought by Plaintiffs to expose the willful, reckless and systematic acts of unauthorized practice of law and unfair competition by Trademarks411.com Entities with respect to preparation and filing of trademark applications before the United States Patent & Trademark Office ("USPTO"). Through its acts of preparing and filing trademarks, Trademarks411.com Entities harm the  "public interest" in that public consumers become susceptible to the risk of bad legal advice dispensed by unlicensed, un-trained, and uninformed non-lawyers. The Plaintiffs ask Trademarks411.com Entities be enjoined from and pay damages for its unauthorized practice of law, false advertising, unfair

competition and other claims with respect to preparation and filing of trademark applications before the USPTO.

## THE PARTIES

### The Plaintiffs

3.   Plaintiff LegalForce RAPC Worldwide, P.C. ("LegalForce RAPC Worldwide") is a law firm wholly owned by Raj Abhyanker, a member in good standing of the State Bar of California, and the United States Patent Bar.   The Firm practices patent and trademark law before the USPTO with a principal place of business at 1580 W. El Camino Real Suite 10, Mountain View California 94040, and a law office at 446 E. Southern Avenue Tempe Arizona 85282.

4.   Plaintiff LegalForce, Inc. is a Delaware corporation offering law firm automation and free trademark search services through its website Trademarkia.com with a principal place of business at 1580 W. El Camino Real Suite 9, Mountain View California 94040.

5.   Plaintiff Raj Abhyanker is a California licensed attorney practicing patent and trademark law before the USPTO with a principal place of business at 1580 W. El Camino Real Suite 10, Mountain View California 94040, is the sole shareholder of Plaintiff LegalForce RAPC Worldwide and is a CEO of Plaintiff LegalForce, Inc.   Plaintiff Raj Abhyanker is a winner of the 2013 Legal Rebel

award by the American Bar Association.

**The Defendants**

6. Trademarks Information International LLC is a California corporation ("Trademarks411.com") with a principal place of business at 3905 State St. Suite 7-134, Santa Barbara, California 93105. Trademarks Information International LLC is not a law firm in the United States and is not authorized to practice law in any state. Trademarks Information International LLC is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

7. Defendant Nicholas Greenside ("Greenside") is an owner of Trademarks Information International LLC, and an internet entrepreneur, having a principal place of business at 3905 State St. Suite 7-134, Santa Barbara, California 93105.

8. Defendant Stephen W. Erickson ("Erickson") is a covert owner of Trademarks Information International LLC, and a licensed California corporate attorney, having a principal place of business at 427 E Carrillo Street, Santa Barbara, CA 93101.

9. Defendant Rogers, Sheffield & Campbell, LLP ("RS&C") is professional law firm corporation in California in which Erickson is a Partner having a principal place of business at 427 E Carrillo Street, Santa Barbara, CA 93101.

10. DOES 1-50 are entities that participated in the transactions complained

of herein in ways which are unknown to Plaintiffs.  The true names, capacities, nature, and extent of participation in the alleged activities by DOES 1-50, inclusive, are unknown to Plaintiffs and therefore Plaintiffs sue these Defendants by such fictitious names.   Plaintiffs will amend the complaint to allege their true names and capacities when ascertained.

## BACKGROUND OF THE PARTIES

11.   Plaintiff LegalForce RAPC Worldwide is a law firm wholly owned by Plaintiff Raj Abhyanker, a member in good standing of the State Bar of California, and the United States Patent Bar.    The Firm practices patent and trademark law before the USPTO with a principal place of business at 1580 W. El Camino Real Suite 10, Mountain View California 94040, and a law office at 446 E. Southern Avenue Tempe Arizona 85282.

12.   The website Trademarkia.com was created by the law firm of LegalForce RAPC Worldwide in 2009 but was spun off into a separate entity.   Plaintiff LegalForce RAPC Worldwide is the sole provider of legal services through the website Trademarkia.com with respect to trademark filings before the USPTO.

13.   LegalForce RAPC Worldwide employs, full time, more than ten (10) U.S. licensed trademark attorneys in its California and Arizona offices who substantially limit their practice to trademark law before the USPTO, and who are supported by legal support staff globally including in India, China, Poland,

the United Kingdom and South Africa.  LegalForce RAPC Worldwide represents more than 10,000 clients from all over the United States and world, including over a thousand clients from the State of California.

14.  LegalForce RAPC Worldwide is the largest law firm filer of trademarks before the USPTO in each of the last five years.  The firm maintains interest on Lawyer Trust Account (IOLTA) trust accounts for all client funds, conducts robust conflict checks, and currently employs two former USPTO trademark examining attorneys.  It has never been disciplined by the USPTO or the State Bar of California.   At least two of its former attorneys are currently hired as USPTO trademark examining attorneys after leaving LegalForce RAPC, and a number of its former associate attorneys or legal assistants have been hired in trademark and IP departments of leading Big Law IP firms including Orrick, Perkins Coie, Pillsbury Winthrop, DLA Piper, and Wilson Sonsini Goodrich & Rosati as well as in legal departments at leading technology companies, including Google, Inc., Facebook, Inc., and Apple, Inc.

15.  Plaintiff LegalForce, Inc. is a Delaware corporation offering law firm automation and free trademark search services through its website Trademarkia.com with a principal place of business at 1580 W. El Camino Real Suite 9, Mountain View California 94040.  The Chief Executive Officer (CEO) and co-founder of Plaintiff LegalForce, Inc. is Plaintiff Raj Abhyanker.  Plaintiff

LegalForce, Inc. makes no revenue from preparation and filing on U.S. trademark applications.   It receives a flat monthly technology licensing revenue from Plaintiff LegalForce RAPC Worldwide independent of the legal services revenue secured by the firm LegalForce RAPC Worldwide through the Trademarkia.com website.

16.   Plaintiff Raj Abhyanker is a California licensed attorney practicing patent & trademark law before the USPTO with a principal place of business at 1580 W. El Camino Real Suite 10, Mountain View California 94040, is the sole shareholder of Plaintiff LegalForce RAPC Worldwide and is a CEO of Plaintiff LegalForce, Inc.   In 2013, he was named an American Bar Association Journal "Legal Rebel," an "annual honors program for the change leaders of the legal profession"[1] and a member of the Fastcase 50, an annual award that "recognizes 50 of the smartest, most courageous innovators, techies, visionaries, and leaders in the law."[2]

17.   Trademarks Information International LLC is a California corporation ("Trademarks411.com") with a principal place of business at 3905 State St. Suite 7-134, Santa Barbara, California 93105.   Trademarks Information International LLC is not a law firm in the United States and is not authorized to practice law in any state.   Trademarks Information International LLC is not a

---

[1] http://www.abajournal.com/magazine/article/2013_legal_rebels_a_banner_year
[2] http://www.fastcase.com/fastcase50-winners-2013.

registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

18. Defendant Nicholas Greenside ("Greenside") is an owner of Trademarks Information International LLC, and an internet entrepreneur, having a principal place of business at 3905 State St. Suite 7-134, Santa Barbara, California 93105.

19. Defendant Stephen W. Erickson ("Erickson") is a covert owner of Trademarks Information International LLC, and a licensed California corporate attorney, having a principal place of business at 427 E Carrillo Street, Santa Barbara, CA 93101.  Erickson is a covert owner because he is not listed as an owner of Trademarks Information International LLC anywhere on the Trademarks411.com website including the About Us page (**Exhibit E**), on Erickson's FindLaw profile (**Exhibit G-1**), Erickson's Lawyer.com profile (**Exhibit G-2**), on Trademarks411's Twitter site (**Exhibit K**), or his RS&C profile (**Exhibit M**).

20. Defendant Rogers, Sheffield & Campbell, LLP ("RS&C") is professional law firm corporation in California in which Erickson is a Partner having a principal place of business at 427 E Carrillo Street, Santa Barbara, CA 93101.

21. Upon reason and belief, the law firm Rogers, Sheffield & Campbell, LLP does not conduct conflict checks for customers provided legal advice by non-attorneys employed by partner Erickson at his separately owned company

Trademarks Information International LLC ("Trademarks411.com").

## JURISDICTION AND VENUE

22.   This Complaint arises under the laws of the United States, 15 U.S.C. §1125 *et seq.*  This Court has original jurisdiction of this action under 28 U.S.C. §1331 because at least some of the claims alleged herein arise under federal law. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over any non-federal claims because such claims are so related as to form part of the same case or controversy.  Moreover, Plaintiffs have standing to their California state claims under the California Business and Professions Code in accordance to California appellate case law in *Higbee v. Expungement Assistance Services*.[3]

23.  This Court has personal jurisdiction over Trademarks411.com Entities because the defendants solicit, transact and does business in California and this District via its website and at least one toll-free telephone number, a substantial part of the wrongful acts or omissions complained of herein occurred in this District, and the Defendants are subject to personal jurisdiction in this District. Trademarks411.com Entities purposefully directed its activities toward this District when it willfully and specifically targeted consumers here and a

---

[3] **214 Cal. App. 4th 544 \*; 153 Cal. Rptr. 3d 865 \*\*; 2013 Cal. App**, in which the court concluded that the attorney alleged an identifiable trifle of injury sufficient to withstand a demurrer. The attorney alleged that he suffered losses in revenue and asset value and was required to pay increased advertising costs specifically because of the provider's unlawful business practices. To have standing under the UCL, the attorney was not required to have engaged in business dealings with the provider. The court saw no reason why the alleged violation of statutes concerning the unauthorized practice of law could not serve as a predicate for the attorney's UCL action. According to the attorney, the provider's unlawful business practices had taken customers away from him.

substantial part of the harm was felt in this District.

24.   Venue is proper in the United States District Court for the Northern District of California under 28 U.S.C. §§ 1391 (b) and (c).

## HARM TO PUBLIC INTEREST

25. Through its acts of preparing and filing trademarks, Trademarks411.com Entities harm the "public interest" in that public consumers become susceptible to the risk of bad legal advice dispensed by unlicensed, un-trained, and uninformed non-lawyers.

26. Since Trademarks Information International LLC is not a "law firm", then it is necessarily a non-lawyer that operates beyond the reach of protections built into the legal profession. Because regulatory protections are built into the legal profession, but no regulatory protections are in place for online legal services, consumers are worse off getting bad legal advice from Trademarks Information International LLC than from Plaintiff.

## ETHICS RULES RELEVANT TO ALL CLAIMS

### I. USPTO'S DEFINITION OF UNAUTHORIZED PRACTICE OF LAW FOR TRADEMARK MATTERS BEFORE THE USPTO.

27.   Consulting with or giving advice to an applicant or registrant in contemplation of filing a trademark application or application-related document (**Exhibit A**).

28.   Preparing or prosecuting an application, response, post-registration maintenance document, or other related document  (**Exhibit A**).

II.  USPTO'S DEFINITION OF LEGAL ADVICE FOR TRADEMARK MATTERS BEFORE THE USPTO.

29.  Conducting pre-filing searches for potentially conflicting trademarks (**Exhibit B**).

30.  Analyzing or pre-approving documents before filing  (**Exhibit B**).

31.  Advising applicants on substantive examination issues, such as the acceptability of specimens and classification of goods and services  (**Exhibit B**).

III.  APPLICABLE RULES AND REGULATIONS ON THE PRACTICE OF LAW BEFORE THE USPTO.

USPTO RULES

32. **37 CFR §11.503 – Duty to supervise non-lawyers.**  With respect to a non-practitioner assistant employed or retained by or associated with a practitioner: (b) A practitioner having direct supervisory authority over the non-practitioner assistant shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the practitioner; and (c) A practitioner shall be responsible for conduct of such a person that would be a violation of the USPTO Rules of Professional Conduct if engaged in by a practitioner if: (1) The practitioner orders or, with the

knowledge of the specific conduct, ratifies the conduct involved.

33. **37 CFR §11.505 – Unauthorized Practice of Law.**  A practitioner shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.

34. **37 CFR §11.107 – Conflict of interest.**    (a) Except as provided in paragraph (b) of this section, a practitioner shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:  (1) The representation of one client will be directly adverse to another client; or (2) There is a significant risk that the representation of one or more clients will be materially limited by the practitioner's responsibilities to another client, a former client or a third person or by a personal interest of the practitioner.

35. **37 CFR §11.115 - IOLTA trust account.** A practitioner shall hold property of clients or third persons that is in a practitioner's possession in connection with a representation separate from the practitioner's own property. Funds shall be kept in a separate account maintained in the state where the practitioner's office is situated, or elsewhere with the consent of the client or third person.

36. **37 CFR §11.18 – Signature and certification for correspondence filed in the Office.** (a) For all documents filed in the Office in patent, trademark, and

other non-patent matters, and all documents filed with a hearing officer in a disciplinary proceeding, except for correspondence that is required to be signed by the applicant or party, each piece of correspondence filed by a practitioner in the Office must bear a signature, personally signed or inserted by such practitioner, in compliance with § 1.4(d) or § 2.193(a) of this chapter.

37. There are other counterpart state court rules in before the California State Bar, not reprinted here, with largely similar restrictions.

///

CALIFORNIA CIVIL CODE

38. **California Business and Profession §6125 – Unlawful Practice of Law.** No person shall practice law in California unless the person is an active member of the State Bar.

IV. TRADEMARKS411.COM ENTITIES VIOLATE UNAUTHORIZED PRACTICE OF LAW RULES OF THE USPTO AND PROVIDES LEGAL ADVICE TO CUSTOMERS FOR UNITED STATES TRADEMARKS.

39. Plaintiffs requested the filing of a trademark application through the Trademarks411.com website. Email addresses of raj@piggiebank.ai for customer RAJ ABHYANKER was used.

40. A real trademark related to business of Plaintiffs was used for PIGGIEBANK was applied for federal registration through the

Trademarks411.com website.     Piggiebank is a CRM website funded by Plaintiff LegalForce RAPC Worldwide who's equity shareholders Plaintiff Raj Abhyanker, and which operates the website Piggiebank.com (www.piggiebank.com).

41. Trademarks411.com sent an email to Plaintiff Abhyanker on December 17, 2017 saying that the invoice total includes both the government filing fee and the initial filing amount (**Exhibit P**) which indicates that Trademarks411's non-attorney staff or automated AutoPilot software[4] file trademarks on behalf of customers and waiving each customer's right to privacy using the government fee form (**Exhibit W**).  Shortly after placing the order, Trademarks411 refunded the amount to the Plaintiff (**Exhibit Q**).

42. During a phone conversation afterward, Plaintiff Raj Abhyanker spoke with Greenside and requested a clear explanation why Trademarks411 was practicing law without a license.  Greenside pointed out that Trademarks411 was started by an attorney[5], whose name and contact information Greenside initially refused to give.  Upon further conversation, Greenside mumbled the attorney's name.   In follow up emails, Plaintiff requested a set time to speak with the

---

[4] See **Exhibit S**, "AutoPilot® Robotic Process Automation (RPA), and "MarkAssist will instantly pay the U.S. government fee and the attorney will receive the official filing receipt direct from the U.S. Patent & Trademark Office"

[5] The Trademarks411.com website "About Us" page surreptitiously mentions that "Trademarks411 was founded by an attorney….and a successful internet entrepreneur" while intentionally concealing the identities of defendants Greenside and Erickson.

co-founder attorney and clarification on the spelling of the attorney's name. (**Exhibit Q**)  Greenside said the attorney was busy for the holidays and would try to call after the holidays, while concealing the attorney's last name. (**Exhibit Q**)  Plaintiff Abhyanker requested a fixed meeting time on the 26th or before the New Year, along with clarification on the full name of the attorney co-owner. Greenside ignored this email and failed to respond.  (**Exhibit Q**)

43. Upon reason and belief, Trademarks411.com chose, intentionally, to hide its process from the Plaintiff Abhyanker fearing that it would be caught in the unauthorized practice of law[6].

44. Although Trademarks411.c$2m represents on its website that it does not practice law, this representation is false and/or misleading, upon reason and belief based on the admissions by their own customers. (**Exhibit D**).   For example, one customer Salman admits that Trademarks411.com agents practice law by reviewing search results when he writes :

"Well, although my representative and I did a thorough search for any similar trademark, we were denied….I emailed my frustration to Trademarks 411 and within a few hours, I received a personal phone call from a representative who believed that this was a bogus denial and he actually went ahead and offered to draft me a rebuttal letter to fight the denial…..He believed that my denial was false, so he went ahead and did

---

[6] It should be noted that Trademarks411 Entities have for over a year intentionally banned IP addresses associated with the Plaintiffs' offices from even viewing the Trademarks411 website.  An error message is received when accessing Trademarks411's homepage from Plaintiffs' Arizona & Mountain View offices as shown in **Exhibit Y**.

what he could to try and make it right. Not only that, but he found a loop hole...the trademark that was in conflict with ours was on the brink of expiring! Soooo, in his draft, he was able to push this point, and things are looking on the up and up." [7]

45.    Moreover, despite having time to respond denying the customer's account, Trademarks411 did not do that for the review above while they selectively responded to another review. Glaringly, the customer admits Trademarks411.com non-attorneys practiced law by reviewing trademark search results with him, advised that an office action rejection was without merit, and drafted a response on his behalf in **Exhibit D**. Therefore, upon reason and belief, after a trademark filing request is made on the Trademarks411.com website, Trademarks411.com practices law per the USPTO definition in critical steps in which classification of trademarks are determined, the description of goods and services are adjusted, and search results are reviewed with customers.

46. Trademarks411.com violates a number of clear boundaries for practice of law, including:

a.  **Consulting with or giving advice to an applicant or registrant in contemplation of filing a trademark application or application-related document and Advising applicants on substantive examination issues, such as the acceptability of specimens and classification of goods and services.**

---

[7] **TrustPilot.com**, customer Salman, excerpted, Published Sunday, September 1, 2013, https://www.trustpilot.com/review/trademarks411.com

**(Exhibits A and B)**

i.   Trademarks411.com   customer   "Salman"   admits   that Trademarks411.com non-attorney agents review and rank search results for conflicting marks for trademarks, and prepare and file trademarks (**Exhibit D**).

ii.   In addition, upon reason and belief, Trademarks411.com practices law when signs the USPTO form to proceed with the filing either using non-attorneys or its or automated AutoPilot software.[8]   Moreover, upon reason and belief, Trademarks411.com unilaterally waives each customer's right to privacy by having non-attorney staff sign off rights while paying government fees by check box clicking off the following on the USPTO government fee form shown in **Exhibit W** including : (1) Waiving each customer's right to cancel the filing or refund the government fee paid on their behalf;  (2) Waiving right to confidentiality of name, phone number, email address, and street address of each customer with respect to their trademarks; and  (3) Representing to the federal government, without checking with each customer that they provide the authority to grant, and is granting, the USPTO permission to

---

[8] See **Exhibit S**, "AutoPilot® Robotic Process Automation (RPA), and "MarkAssist will instantly pay the U.S. government fee and the attorney will receive the official filing receipt direct from the U.S. Patent & Trademark Office"

make the information available in its online database and in copies of the
application or registration record (**Exhibit W**).

b.   **Preparing or prosecuting an application, response,
post-registration maintenance document, or other related document
(Exhibit A).**

i.   Trademarks411.com customer "Salman" admits that
Trademarks411.com non-attorney agents review and rank search results
for conflicting marks for trademarks, and prepare and file trademarks
(**Exhibit D**).

c.   **Conducting pre-filing searches for potentially conflicting
trademarks (Exhibit B).**

i.   Trademarks411.com customer "Salman" admits that
Trademarks411.com non-attorney agents review and rank search results
for conflicting marks for trademarks, and prepare and file trademarks
(**Exhibit D**).

d.   **Analyzing or pre-approving documents before filing (Exhibit
B).**

i.   Trademarks411.com admits that Trademarks411.com
non-attorney agents select classification for trademarks, modify
goods/services for trademarks, review and rank search results for

conflicting marks for trademarks, and prepare and file trademarks (**Exhibit D**).

47.  Upon reason and belief, Trademarks411.com performs the "Modification Step" to ensure that it does not file ineffectual trademark applications that are highly likely to get rejected by the USPTO.  It seems, upon reason and belief, Trademarks411.com's non-lawyer staff are not well trained to provide this legal advice.

48.  Upon reason and belief, after Trademarks411.com's Trademark Document Specialists provide critical legal advice during this Modification Step, the mark proceeds to the "trademark search" phase.  This "trademark search" phase is again performed non-lawyer staff without review by licensed attorneys in violation of the USPTO's practice of law definition in **Exhibits A and B**. After the search is delivered by non-attorney staff to the customer (**Exhibit D**), the phone support of Trademarks411.com in the post trademark search step provide legal advice by advising customers by giving them advice as to which specific trademarks in the search report are more likely to block a registration based on the statements in **Exhibit D**.

49. After the customer approves the search report, Trademarks411.com enters the customer's information directly into the USPTO website and requests a link from the USPTO to the signature form using an internal Trademarks411.com

non-attorney staff's email ID, upon reason and belief (**Exhibit F**).

50.  Upon reason and belief, Trademarks411.com signs the USPTO link approving the trademark using non-attorney staff based on the partial customer's approval on the Trademarks411.com website.   Upon reason and belief, the reason that the approval is partial is because the Trademarks411.com website does not ask the customer to waive their privacy protections.   Upon reason and belief, Trademarks411.com unilaterally waives privacy protections and underlying copyright publication rights to the USPTO.

51.  Specifically, Trademarks411.com's non-lawyer staff or AutoPilot software[9] again go to a different USPTO link emailed to Trademarks411.com by the USPTO which expressly waives each customer's right to privacy and has Trademarks411.com attest that Trademarks411.com has the authority to grant the USPTO permission to make information submitted available on its online database regardless of the underlying copyrights upon reason and belief (**Exhibit W**).   On this same form, Trademarks411.com pays the government fee to the USPTO on its own Trademarks411.com credit card and/or deposit account with the USPTO upon reason and belief.

52.  Moreover, upon reason and belief, Trademarks411.com maintains no

---

[9] See **Exhibit S**, "AutoPilot® Robotic Process Automation (RPA), and "MarkAssist will instantly pay the U.S. government fee and the attorney will receive the official filing receipt direct from the U.S. Patent & Trademark Office"

client trust account (IOLTA account) for trademark matters, uses non-lawyer assistants to evaluate specimens of use in commerce for authenticity, and performs no conflict checks against other customers.

53. In contrast, as a law firm, Plaintiff LegalForce RAPC Worldwide and its licensed attorneys must conduct conflict checks with existing clients prior to taking on representation of prospective clients.[10]  It must place client funds in an IOLTA trust account prior to work being started.[11]  It must hire U.S. licensed attorneys to counsel clients on trademark classification selection, modifying description of goods and services, and reviewing specimens provided by its clients for completeness and applicability to the selected classification. [12]

54. If Plaintiff LegalForce RAPC Worldwide and its licensed attorneys were to adopt a similar model as Trademarks411.com, it is very likely that the firm and its licensed attorneys would be disbarred and/or excluded from practicing law by the USPTO, any state in which they are licensed by a State Bar.

55. This is a real threat.   Recently, Matthew Swyers ("Swyers"), a former

---

[10] **37 CFR §11.107 – Conflict of interest.**   (a) Except as provided in paragraph (b) of this section, a practitioner shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:  (1) The representation of one client will be directly adverse to another client; or (2) There is a significant risk that the representation of one or more clients will be materially limited by the practitioner's responsibilities to another client, a former client or a third person or by a personal interest of the practitioner.

[11] **37 CFR §11.115 - IOLTA trust account.** A practitioner shall hold property of clients or third persons that is in a practitioner's possession in connection with a representation separate from the practitioner's own property. Funds shall be kept in a separate account maintained in the state where the practitioner's office is situated, or elsewhere with the consent of the client or third person.

[12] **California Business and Profession §6125 – Unlawful Practice of Law**.  No person shall practice law in California unless the person is an active member of the State Bar.  **37 CFR §11.505 – Unauthorized Practice of Law.**  A practitioner shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.

USPTO trademark examining attorney in private practice and founder of The Trademark Company, was excluded for practice by the USPTO for the conduct similar to Trademarks411.com's (**Exhibit H**).     In addition, another attorney Tracy W. Druce ("Druce") was suspended for failure to supervise assistants even though the lawyer did not know of the conduct of his assistants signing documents on his behalf (**Exhibit I**).     Moreover, the USPTO also excluded from practice Leonard Tachner ("Tachner"), who, was a suspended attorney whose corporation prepared and filed trademark applications while he was suspended on the grounds of unauthorized practice of law (**Exhibit J**).

56. Unlike Swyers, Druce, and Tachner, upon reason and belief, the USPTO and State Bars take no similar action against Trademarks411.com Entities. This double standard is a great injustice that harms both attorneys and the public at large.   Attorneys who have spent years going through law school, taking a difficult bar exam, maintaining an IOLTA trust account, and performing conflict checks **cannot** effectively compete against non-law firm competitors like Trademarks411.com on an even playing field.  It also lowers the standard of service to the public because Trademarks411.com customers rely on the legal advice given by non-attorneys.  For these reasons, an injunction and damages false advertising, unfair competition, malpractice, and other causes of action are sought.

## V.  TRADEMARKS411.COM ENTITIES' MISLEADING GOOGLE, BING, AND OTHER ONLINE ADVERTISING IS DAMAGING TO PLAINTIFFS' GOODWILL AND MISLEADING TO THE PUBLIC WITH FALSE COMPARISONS TO ATTORNEY LED SERVICES, AS SUCH ACTIONS CAUSING IRREPARABLE HARM TO PLAINTIFFS.

57.    Plaintiff    LegalForce    RAPC    Worldwide    and    Defendant Trademarks411.com are large purchasers of online advertising including on Google and Bing per month for "trademark filing" (**Exhibit T**) related search terms.

58.  Upon reason and belief, Trademarks411.com's non-attorney trademark filing service has threatened, and continues to threaten, Plaintiff LegalForce RAPC's business directly by competitively bidding against Plaintiff LegalForce RAPC Worldwide on Google and Bing for trademark related keywords during the year 2017 through deceptive advertising which are predicated on the unauthorized practice of law  (**Exhibit L**).

59.  Trademarks411.com is not a law firm or authorized to practice law in any state.  Moreover, upon reason and belief, Trademarks411.com is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

60.  Despite not being a law firm and despite not hiring any attorneys

representing external clients, Trademarks411.com purchases advertisements whenever consumers search terms related to the business of the plaintiff's including "legalforce" and "trademarkia" to intentionally deceive its customers into thinking that Trademarks411.com processes are handled by licensed attorneys (**Exhibit L**).

61.   Trademarks411 even goes on to further mislead by using words such as calling their service "#1 Trademark System" (**Exhibit O**) and further representing that "Why Pay More?" (**Exhibit O**) to make it seem that their services are equivalent to the Plaintiffs despite performing no services with an assistance of an attorney, not conducting conflict checks, and providing no attorney-client privilege for their customers (**Exhibit V**).

62.   The advertising copy on the landing page (**Exhibit U**) on which these ads link[13] is highly misleading, leading a consumer to believe that he or she will "secured", all the while performing no services with an assistance of an attorney, not conducting conflict checks, and providing no attorney-client privilege for their customers (**Exhibit V**).   Specifically, Trademarks411 places a "Now, Includes Trademark Secured® Trust" logo on these landing pages, a vague phrase with a vague description[14] designed to imply that there is a pretextual

---

[13] https://www.trademarks411.com/lp/trademark_search
[14] Notably the description U.S. Trademark for "Trademark Secured", U.S. Reg. No. 4237729, defines this merely as "trademark monitoring", which has no connotation to "security" or "trust".
https://tsdr.uspto.gov/#caseNumber=4237729&caseType=US_REGISTRATION_NO&searchType=documentSearch

benefit when, in fact, none of the trademarks filed through Trademarks411 receive the benefits of attorney client privilege  (**Exhibit V**).

63.Moreover, Trademarks411.com falsely implies that it has helped protect brands of famous companies such as Coca-Cola, Whole Foods, Red Bull, Microsoft, Adidas, Nike and others, by pasting logos of these brands on their www.Trademarks411.com landing (**Exhibit U**) under a heading "These brands are trademarked, is yours?" misleading potential customers into thinking that Trademarks411.com had something to do with the protection of these famous brands, when it in fact had no such sponsorship or affiliation.

64. In contrast, rules for mandatory conflict checks, attorney client privilege, and storing client funds in IOLTA accounts have been adopted by every State Bar, for the explicit purpose of protecting clients. Trademarks411.com boasts about eschewing these long standing client protections.  While not having power of attorney, not holding attorney client privilege, and not conducting conflict checks, yet still providing legal advice, Trademarks411.com's advertising copy is explicitly designed to wrongfully imply that paying anything more would be wasteful to clients to hire attorneys like the Plaintiff LegalForce RAPC Worldwide when Trademarks411.com use the phrase "Why Pay More?" in advertising along with the misleading phrase "America's #1 Trademark System" (**Exhibit O**).

## CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF**
FEDERAL FALSE & MISLEADING ADVERTISING AND UNFAIR
COMPETITION IN VIOLATION OF THE FEDERAL TRADE
COMMISSION ACT, 15 U.S.C. § 45, 15 U.S.C. § 52, 15 U.S.C. § 53
(Against all Defendants and DOES 1-50)

65. Plaintiffs incorporate herein by reference paragraphs **1-64** above.

66. Through its acts of preparing and filing trademarks, Trademarks411.com harms the "public interest" in that public consumers become susceptible to the risk of bad legal advice dispensed by unlicensed, un-trained, and uninformed non-lawyers.

67. Since Trademarks411.com is not a "law firm", then it is necessarily a non-lawyer that operates beyond the reach of protections built into the legal profession. Because regulatory protections are built into the legal profession, but no regulatory protections are in place for online legal services, consumers are worse off getting bad legal advice from Trademarks411.com than from Plaintiff.

68. The Plaintiffs are bound to the rules governing the legal profession and USPTO, and that those rules are designed to protect consumers. If it in fact achieves what it sets out to disclaim, Trademarks411.com's disclaimer and terms of use demonstrate that there is some merit to the argument that limiting the practice of law to lawyers benefits consumers by guaranteeing protections built into the legal profession.

69.   Consider the following excerpt directly from the home page of Trademarks411.com's website (**Exhibit C**) or on the Terms and Conditions page (**Exhibit V**):

a.   "Trademarks411 Legal Document Service is not a law firm and is not a substitute for an attorney or law firm." (**Exhibit C**)

b.   "Trademarks411 is not a law firm, and the employees of Trademarks411 are not acting as your attorney. Trademarks411's legal document service is not a substitute for the advice of an attorney." (**Exhibit V**)

c.   "Trademarks Information International, LLC. ("Trademarks411.com") cannot provide legal advice and can only provide self-help services at your specific direction." (**Exhibit V**)

d.   "Trademarks411 is not permitted to engage in the practice of law. Trademarks411 is prohibited from providing any kind of advice, explanation, opinion, or recommendation to a consumer about possible legal rights, remedies, defenses, options, selection of forms or strategies." (**Exhibit V**)

70.   By renouncing the attorney-client relationship and purporting to provide legal information rather than legal advice, Trademarks411.com hopes to achieve two business advantages at the expense of consumers: (1) sidestepping professional responsibilities governing the legal profession and (2) avoiding liability.

71.   The Plaintiffs' emphasize that Trademarks411.com avoids the responsibilities of law practice by characterizing its services as "self-help" for pro se litigants and maintaining that the website cannot substitute for an attorney, without regard to any understandable assumptions otherwise. Trademarks411.com's employees are trained to disseminate legal "advice." Despite this, if taken at face value, Trademarks411.com's disclaimer and terms of use allow it to operate "free from the confines of ethical rules enforceable upon attorneys.

72.   Plaintiffs further argue that by falling outside the existing regulatory space for legal services—where regulations are designed by and applied to licensed lawyers—Trademarks411.com Entities deny consumers redress that they would otherwise have for faulty legal advice.

73.   For example, communications with the Trademarks411.com's website are protected only by the company's Privacy Policy, not the attorney-client privilege or work product doctrine of Plaintiff LegalForce RAPC Worldwide. Trademarks411.com has no duty of confidentiality, which would otherwise prevent an attorney from revealing information relating to the representation. Under the existing regulatory structure, Trademarks411.com also operates beyond the reach of comparable disciplinary authorities for charging an unreasonable fee1 or obtaining consent for representing clients with conflicts of

interest.

74. Deceptive advertising is another particularly relevant problem for many customers using Trademarks411.com. Plaintiffs' argue that if Trademarks411.com were a law firm, its practices would be disciplined by potential violations for communicating false or misleading information about its services.

75. Moreover, Plaintiffs points out that Trademarks411.com limits its own liability for problems arising from its services in ways impermissible for practicing lawyers. By operating outside the professional rules, Trademarks411.com bypasses the duties of competence and diligence required of all lawyers practicing law—duties which, if violated, could give teeth to malpractice actions. A comprehensive liability limitation clause requires that customers hold Trademarks411.com harmless for any for any loss, injury, claim, liability, or damage. Without a lawyer to fall back on, customers relying on Trademarks411.com may sometimes fail to comply with jurisdiction-specific requirements, resulting in an increase of reliance on lawyers conducting post-mortem fixes to remedy problems. Though the disclaimer is not guaranteed to waive Trademarks411.com of all liability, it makes it more difficult for clients to avoid shouldering liability for costly errors in legal documentation.

76. The Federal Trade Commission Act prohibits any unfair methods of

competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, and declares such acts or practices unlawful.

77. Trademarks411.com is not a law firm in the United States and is not authorized to practice law in any state. Trademarks411.com is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

78. The Federal Trade Commission Act prohibits false and misleading advertising and prohibits advertisers like Trademarks411.com from making any claim, and directly or indirectly, in words or in substance, qualified or unqualified, that contain express or implied falsehoods.

79. Trademarks411.com has threatened Plaintiff LegalForce RAPC Worldwide's business directly by misleading consumers and unfairly competing with Plaintiffs for the keywords "legalforce", "trademarkia", "register trademark" among hundreds of other keywords. (**Exhibit L**). The conduct is unfair and unethical because Trademarks411.com makes a number of false and misleading statements in its advertising copy.

80. As described above, Trademarks411.com has made false and/or misleading statements of fact concerning the non-attorney nature of its services and products in its online advertising and promotion, while giving legal advice through non-attorneys and covertly hiding the identity of its owner attorney

Erickson.  Moreover, Trademarks411.com had misled consumers by :

A.  Representing that customers can receive "America's #1 Trademark System" (**Exhibit O**) while bidding on keywords including "register trademark", "legalforce", "trademarking a name" (**Exhibit L**), and misdirecting users to their non-attorney guided trademark filing service.  **In fact, none of Trademarks411.com's employees preparing trademark filings are licensed trademark professionals of any kind, much less attorneys.**

81.  Trademarks411.com uses the search terms (**Exhibit O**) to redirect customers to Trademarks411.com's false and misleading advertisements (**Exhibit U**) and to disseminate such false and misleading advertisements in interstate commerce. As a result, Trademarks411.com has widely disseminated such false and misleading advertisements via the internet to relevant purchasing public so as to sufficiently constitute commercial advertising under the Federal Trade Commission Act.

82.  Upon reason and belief, Trademarks411.com's non-attorney, unlicensed trademark document specialists unlawfully assist customers with modifying goods and services descriptions, selecting classifications of trademarks to be filed before the United States Patent & Trademark Office, and filing trademarks before the United States Patent & Trademark Office.

83.    Trademarks411.com's false and misleading advertisements have

deceived a substantial segment of the audience exposed to it, or have the capacity for such deception, and have influenced, or are likely to influence, consumer purchasing decisions.

84. Trademarks411.com sells, offers for sale, distributes, and/or advertises goods and services to consumers that directly compete with Plaintiffs' sales of their own services and products.

85. Trademarks411.com's conduct demonstrates an intentional, willful, and malicious intent to deceive consumers and unfairly compete with Plaintiffs.

86. Trademarks411.com's false and misleading advertisements have caused and, unless enjoined, will continue to cause immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law.   In addition, as a result of Trademarks411.com's false and misleading advertisements, Plaintiffs have been injured, including but not limited to, decline in sales and market share, loss of goodwill, and additional losses and damages.   Furthermore, Trademarks411.com has been unjustly enriched at the expense of Plaintiffs as a consequence of Trademarks411.com's false and misleading advertising. Accordingly, Plaintiffs are entitled to injunctive relief and to recover actual damages, enhanced profits and damages, costs, Trademarks411.com's profits, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**SECOND CLAIM FOR RELIEF**
CALIFORNIA UNFAIR COMPETITION IN VIOLATION OF

<u>CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*</u>
<u>(Against all Defendants and DOES 1-50)</u>

87. Plaintiffs incorporate herein by reference paragraphs **1-86** above.

88. Trademarks411.com's false comparisons with Plaintiffs' attorney managed U.S. trademark service as being comparable to Trademarks411.com's non-attorney service through misleading advertising, as alleged above, constitute unfair competition in violation of Section §17200 *et seq.* of the California Business and Professions Code.

89. Trademarks411.com falsely represents that customers can "America's #1 Trademark System" while bidding on keywords including "register trademark" when no licensed professional is involved (**Exhibit V**). In fact, none of Trademarks411.com's employees preparing trademark filings are licensed trademark professionals of any kind, much less attorneys.

90. Despite not being a law firm and despite not hiring any attorneys representing external clients, Trademarks411.com purchases advertisements whenever consumers search terms related to trademark filing to intentionally deceive its customers into thinking that Trademarks411.com processes are handled by licensed attorneys (**Exhibit O**).

91. Despite not being a law firm and despite not hiring any attorneys representing external clients, Trademarks411.com purchases advertisements whenever consumers search terms related to the business of the plaintiff's

including "legalforce" and "trademarkia" to intentionally deceive its customers into thinking that Trademarks411.com processes are handled by licensed attorneys (**Exhibit L**).

92.  Trademarks411 even goes on to further mislead by using words such as calling their service "#1 Trademark System" (**Exhibit O**) and further representing that "Why Pay More?" (**Exhibit O**) to make it seem that their services are equivalent to the Plaintiffs despite performing no services with an assistance of an attorney, not conducting conflict checks, and providing no attorney-client privilege for their customers (**Exhibit V**).

93.  The advertising copy on the landing page (**Exhibit U**) on which these ads link[15] is highly misleading, leading a consumer to believe that he or she will "secured", all the while performing no services with an assistance of an attorney, not conducting conflict checks, and providing no attorney-client privilege for their customers (**Exhibit V**).    Specifically, Trademarks411 places a "Now, Includes Trademark Secured® Trust" logo on these landing pages, a vague phrase with a vague description[16] designed to imply that there is a pretextual benefit when, in fact, none of the trademarks filed through Trademarks411 receive the benefits of attorney client privilege  (**Exhibit V**).

---

[15] https://www.trademarks411.com/lp/trademark_search
[16] Notably the description U.S. Trademark for "Trademark Secured", U.S. Reg. No. 4237729, defines this merely as "trademark monitoring", which has no connotation to "security" or "trust".
https://tsdr.uspto.gov/#caseNumber=4237729&caseType=US_REGISTRATION_NO&searchType=documentSearch

94. Moreover, Trademarks411.com falsely implies that it has helped protect brands of famous companies such as Coca-Cola, Whole Foods, Red Bull, Microsoft, Adidas, Nike and others, by pasting logos of these brands on their www.Trademarks411.com landing (**Exhibit U**) under a heading "These brands are trademarked, is yours?" misleading potential customers into thinking that Trademarks411.com had something to do with the protection of these famous brands, when it in fact had no such sponsorship or affiliation.

95. In contrast, rules for mandatory conflict checks, attorney client privilege, and storing client funds in IOLTA accounts have been adopted by every State Bar, for the explicit purpose of protecting clients. Trademarks411.com boasts about eschewing these long standing client protections.  While not having power of attorney, not holding attorney client privilege, and not conducting conflict checks, yet still providing legal advice, Trademarks411.com's advertising copy is explicitly designed to wrongfully imply that paying anything more would be wasteful to clients to hire attorneys like the Plaintiff LegalForce RAPC Worldwide when Trademarks411.com use the phrase "Why Pay More?" in advertising along with the misleading phrase "America's #1 Trademark System" (**Exhibit O**).

96. In addition, Erickson and Greenside unfairly competes because Erickson is a practitioner who has created a professional corporation (Trademarks

Information International, LLC) which is practicing law for a profit through the website Trademarks411.com with shareholders who are non-practitioners in violation of CFR §11.504.    If the Plaintiffs were to do the same thing, the Plaintiffs would be subject to discipline or disbarment.

97.   Trademarks411.com uses "trademark" related search terms to redirect customers to Trademarks411.com's false and misleading advertisements and to disseminate such false and misleading advertisements in interstate commerce. As a result, Trademarks411.com has widely disseminated such false and misleading advertisements via the internet to relevant purchasing public so as to sufficiently constitute commercial advertising under the Section §17200 *et seq.* of the California Business and Professions Code.

98.   Trademarks411.com's non-attorney trademark document specialists unlawfully assist customers with modifying goods and services descriptions, selecting classifications of trademarks to be filed before the United States Patent & Trademark Office, and filing trademarks before the United States Patent & Trademark Office.

99.   As a result of Trademarks411.com's wrongful acts, Plaintiffs have suffered and will continue to suffer loss of hundreds of thousands of dollars of income, profits and valuable business opportunities and if not preliminarily or permanently enjoined, Trademarks411.com will have unfairly derived and will

continue to derive income, profits and business opportunities as a result of its wrongful acts.

100.    Pursuant to California Business and Professions Code Section §17200 *et seq.*, Plaintiffs seek an order of this Court preliminarily and permanently enjoining Trademarks411.com from continuing to engage in the unlawful, unfair and fraudulent acts or practices set forth herein, as well as compensatory damages and restitution.

### **THIRD CLAIM FOR RELIEF**

### CALIFORNIA FALSE & MISLEADING ADVERTISING IN VIOLATION OF CAL. BUS. & PROF. CODE § 17500 *ET SEQ.* and § 17600 *ET SEQ.* (Against all Defendants and DOES 1-50)

101.    Plaintiffs incorporate herein by reference paragraphs **1-100** above.

102.    Trademarks411.com falsely represents that customers can "America's #1 Trademark System" while bidding on keywords including "register trademark" when no licensed professional is involved (**Exhibit V**). In fact, none of Trademarks411.com's employees preparing trademark filings are licensed trademark professionals of any kind, much less attorneys.

103.    Despite not being a law firm and despite not hiring any attorneys representing external clients, Trademarks411.com purchases advertisements whenever consumers search terms related to trademark filing to intentionally deceive its customers into thinking that Trademarks411.com processes are

handled by licensed attorneys (**Exhibit O**).

104.    Despite not being a law firm and despite not hiring any attorneys representing external clients, Trademarks411.com purchases advertisements whenever consumers search terms related to the business of the plaintiff's including "legalforce" and "trademarkia" to intentionally deceive its customers into thinking that Trademarks411.com processes are handled by licensed attorneys (**Exhibit L**).

105.    Trademarks411 even goes on to further mislead by using words such as calling their service "#1 Trademark System" (**Exhibit O**) and further representing that "Why Pay More?" to make it seem that their services are equivalent to the Plaintiffs despite performing no services with an assistance of an attorney, not conducting conflict checks, and providing no attorney-client privilege for their customers (**Exhibit V**).

106.    The advertising copy on the landing page (**Exhibit U**) on which these ads link[17] is highly misleading, leading a consumer to believe that he or she will "secured", all the while performing no services with an assistance of an attorney, not conducting conflict checks, and providing no attorney-client privilege for their customers (**Exhibit V**).    Specifically, Trademarks411 places a "Now, Includes Trademark Secured® Trust" logo on these landing pages, a vague

---

[17] https://www.trademarks411.com/lp/trademark_search

phrase with a vague description[18] designed to imply that there is a pretextual benefit when, in fact, none of the trademarks filed through Trademarks411 receive the benefits of attorney client privilege  (**Exhibit V**).

107.   Moreover, Trademarks411.com falsely implies that it has helped protect brands of famous companies such as Coca-Cola, Whole Foods, Red Bull, Microsoft, Adidas, Nike and others, by pasting logos of these brands on their www.Trademarks411.com landing (**Exhibit U**) under a heading "These brands are trademarked, is yours?" misleading potential customers into thinking that Trademarks411.com had something to do with the protection of these famous brands, when it in fact had no such sponsorship or affiliation.

108.   In contrast, rules for mandatory conflict checks, attorney client privilege, and storing client funds in IOLTA accounts have been adopted by every State Bar, for the explicit purpose of protecting clients. Trademarks411.com boasts about eschewing these long standing client protections.  While not having power of attorney, not holding attorney client privilege, and not conducting conflict checks, yet still providing legal advice, Trademarks411.com's advertising copy is explicitly designed to wrongfully imply that paying anything more would be wasteful to clients to hire attorneys

---

[18] Notably the description U.S. Trademark for "Trademark Secured", U.S. Reg. No. 4237729, defines this merely as "trademark monitoring", which has no connotation to "security" or "trust".
https://tsdr.uspto.gov/#caseNumber=4237729&caseType=US_REGISTRATION_NO&searchType=documentSearch

like the Plaintiff LegalForce RAPC Worldwide when Trademarks411.com use the phrase "Why Pay More?" in advertising along with the misleading phrase "America's #1 Trademark System" (**Exhibit O**).

109.    Trademarks411.com uses "trademark" related search terms to redirect customers to Trademarks411.com's false and misleading advertisements and to disseminate such false and misleading advertisements in interstate commerce.

110.   As a result, Trademarks411.com has widely disseminated such false and misleading advertisements via the internet to relevant purchasing public so as to sufficiently constitute commercial advertising under the Section §17200 *et seq.* of the California Business and Professions Code.

111.   Trademarks411.com's non-attorney trademark document specialists unlawfully assist customers with modifying goods and services descriptions, selecting classifications of trademarks to be filed before the United States Patent & Trademark Office, and filing trademarks before the United States Patent & Trademark Office.

112.   Trademarks411.com is not a law firm in the United States and is not authorized to practice law in any state.  Trademarks411.com is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

113.   Trademarks411.com   has   threatened   Plaintiff   LegalForce   RAPC

Worldwide's business directly by misleading consumers searching Google and Bing for "legalforce", "register trademark" and hundreds of others to non-attorney trademark landing pages.   This creates unfair competition for Plaintiffs which file all trademarks of their clients before the USPTO with representation by licensed attorneys at LegalForce RAPC Worldwide's offices, in either California or Arizona.   The conduct is unfair and unethical because it misleads customers to selecting Trademarks411.com's services instead of those of the Plaintiffs based on fraudulent premises.

114.   While using AdWords to trigger and disseminate the misleading advertisements herein alleged, Trademarks411.com knew, or by the exercise of reasonable care should have known, that the advertisements were untrue and misleading and so acted in violation of Section §17500 of the Business and Professions Code.

115.   Trademarks411.com's non-attorney trademark document specialists unlawfully assist customers with modifying goods and services descriptions, selecting classifications of trademarks to be filed before the USPTO, and filing trademarks before the USPTO.

116.   Trademarks411.com has been unjustly enriched through its false and misleading advertising.

117.   Plaintiffs have lost business caused by the false and misleading

Trademarks411.com advertisements as a result of at least one customer refusing to do business with Plaintiffs due to the fact that Trademarks411.com advertisements falsely implying that Trademarks411.com offers trademark filing services with the USPTO in an ethically compliant manner, upon reason and belief.

118.   Unless restrained by this court, Trademarks411.com will continue with its untrue and misleading advertising, as alleged above, in violation of Section §17500 of the Business and Professions Code and in violation of Section §17509 of the California Business and Professions Code, thus, tending to render judgment in the instant action ineffectual and will cause additional injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

119.   Pursuant to California Business and Professions Code Section §17500, Plaintiffs seek an order of this Court preliminarily and permanently enjoining Trademarks411.com from continuing to engage in the false and misleading advertising set forth herein, as well as compensatory damages and restitution.

120.   Trademarks411.com's business practices and acts, fully described above, constitute an unlawful practice of law and create false and misleading impressions on potential clients of Plaintiff LegalForce RAPC Worldwide.

121.   Trademarks411.com's business model and acts, including but not limited to its website and false and misleading advertising, constitute unfair

practices, intentionally aimed at getting ahead of any competitors with lawful business conduct such as that of the Plaintiffs. The acts alleged herein continue to present a threat to Plaintiffs and average consumers, especially the ones with limited resources.

122.   Trademarks411.com's acts were, and are, likely to deceive an average consumer, and thus constitute unfair business practices as described herein.

123.   Trademarks411.com has engaged in unlawful, unfair and fraudulent business practices and damaged the public and Plaintiffs through the conduct alleged herein.

124.   Plaintiffs are informed, believe, and thereupon allege that Trademarks411.com's conduct as described herein was, and is, unlawful, unfair and/or fraudulent in violation of Section §17000 *et. sq.* of the California Business and Professions Code and has the potential to cause, and has in fact caused, confusion in the marketplace.

125.   Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of Trademarks411.com's unlawful acts unless enjoined by this Court.

126.   The conduct herein complained of was extreme, outrageous, surreptitious, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.

127.  Plaintiffs are entitled to an injunction restraining Trademarks411.com, and all persons acting in concert with them, from engaging in such further acts of unfair competition, including:

i.  Enjoining non-lawyer assistants of Trademarks411.com to recommend and advise on selection of classifications of goods and services for trademark applications sought to be filed with the USPTO directly to customers, modify standard descriptions from the USPTO ID manual directly for customers and pay government fees on behalf of customers who are not represented by a lawyer either using human non-attorneys or its AutoPilot software.[19]

ii.  Enjoining Trademarks411.com from purchasing misleading advertising related to trademark filing and registration and related keywords for non-attorney trademark filing services offered by Trademarks411.com with respect to U.S. trademark matters.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray judgment as follows:

1.  Temporary and permanent injunctions as defined herein be entered in their favor and against all Defendants, and any company or entity in which Defendants have an ownership or beneficial interest, first temporarily and then

---

[19] See **Exhibit S**, "AutoPilot® Robotic Process Automation (RPA), and "MarkAssist will instantly pay the U.S. government fee and the attorney will receive the official filing receipt direct from the U.S. Patent & Trademark Office"

permanently restraining and enjoining them, directly or indirectly, on their own or as a partner, or an employee from operating websites known as http://rogerssheffield.com/, www.trademarks411.com, and http://www.trademarkservicesonline.com or any other website that attempts to offer any legal services requiring the practice of law including, but not limited to, U.S. trademark filing and prosecution services for office actions, statements of use, oppositions, trademark watch, renewal, opposition, and litigation services.

2.   From further acts of false and misleading advertising and unfair competition that would damage or injure Plaintiffs.

3.   The Court find Trademarks411.com's acts of false and misleading advertising and unfair competition to be knowing and willful, and an exceptional case within the meaning of 15 U.S.C. §1117 and California law.

4.   Restitution as allowed under applicable statutes.

5.   Compensatory damages in an amount believed to be in excess of five hundred thousand dollars ($500,000.00) to be determined at trial.  Plaintiffs' damages are continuing each day as they are unable to compete fairly due to Defendants unlawful actions, and they will seek treble recovery of all additional damages they incur during the pendency of this lawsuit.

6.   Punitive damages in an amount to be determined at trial.

7. Legal and equitable further relief as this court finds just and proper.

8. Permanent exclusion from practice of law before the USPTO and the State of California of Defendant Trademarks411.com and its owner Stephen W. Erickson.

9. Order compelling the USPTO to follow its stated procedures for notification to affected applicants of an excluded marks for all trademarks in which government fees were paid by the excluded party (**Exhibit X**) including, but not limited notifications to the affected applicant or registrant that:

     i. Trademarks411.com is not entitled to practice before the USPTO in trademark matters and, therefore, may not represent the applicant or registrant.

     ii. Any trademarks and documents filed by Trademarks411.com are *void ab initio*, meaning they were invalid from the start of any action taken by the excluded party.

     iii. Trademarks411.com may not sign checkboxes, pay government fees, prepare trademark applications, assist with responses to the USPTO's actions, authorize examiner's amendments or priority actions, conduct interviews with USPTO employees, or otherwise represent an applicant, registrant, or party to a proceeding before the USPTO.

iv. All correspondence concerning the application or registration will be sent to the domestic representative if one has been appointed, or, alternatively, and in most circumstances, to the applicant or registrant at his/her address of record.

10. Plaintiffs be awarded costs, prejudgment interest and attorneys' fees pursuant to 15 U.S. Code § 7706 of the Federal Trade Commission Act for exceptional case, and other applicable statutes.


Respectfully submitted this Thursday December 28, 2017.


LEGALFORCE RAPC WORLDWIDE P.C.


/s/ Raj V. Abhyanker_____
Raj V. Abhyanker
California State Bar No. 233,284
Attorney for Plaintiffs:
LegalForce RAPC Worldwide, P.C.,
LegalForce, Inc., and
Raj V. Abhyanker


## JURY TRIAL DEMAND


Plaintiffs hereby request a jury trial for all causes of action alleged in this Complaint.

Respectfully submitted this Thursday December 28, 2017.


LEGALFORCE RAPC WORLDWIDE P.C.



By__/s/ Raj V. Abhyanker_____
Raj V. Abhyanker
California State Bar No. 233,284
Attorney for Plaintiffs:
LegalForce RAPC Worldwide, P.C.,
LegalForce, Inc., and
Raj V. Abhyanker