**RAJ V. ABHYANKER**, California SBN 233,284
raj@legalforcelaw.com

**LEGALFORCE RAPC WORLDWIDE**
1580 W. El Camino Real, Suite 10
Mountain View, California 94040
Telephone: 650.965.8731
Facsimile: 650.989.2131

Attorney for Plaintiffs,
LegalForce RAPC Worldwide, P.C.,
LegalForce Inc., and Raj V. Abhyanker

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

UNLIMITED JURISDICTION

| | |
|---|---|
| 1. LEGALFORCE RAPC WORLDWIDE, P.C.;<br>2. LEGALFORCE INC.; and<br>3. RAJ V. ABHYANKER,<br><br>Plaintiffs,<br><br>v.<br><br>1. TRADEMARKS INFORMATION INTERNATIONAL LLC.<br><br>Defendant;<br><br>AND DOES 1-50. | Case No. 5:17-cv-7354<br><br>**FIRST JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

Plaintiffs Legalforce RAPC Worldwide, P.C., Legalforce Inc., and Raj V.

Abhyanker (hereinafter, "Plaintiffs"), together with Defendant Trademarks Information International LLC ("Trademarks411.com") ("Defendant") jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. **Jurisdiction & Service**

Plaintiffs contend that: **(1)** This  Complaint arises under the laws of the United States, 15 U.S.C. §1125 et seq.  **(2)** This Court has original jurisdiction of this action under 28 U.S.C. §1331 because at least some of the claims alleged herein arise under federal law.  **(3)** This Court has supplemental jurisdiction under 28 U.S.C. §1367 over any non-federal claims because such claims are so related as to form part of the same case or controversy.    All parties have been served.

2. **Facts**

Plaintiffs filed Complaint on **December 28, 2017**.  The Plaintiffs ask Defendant be enjoined from and pay damages for its unauthorized practice of law, false advertising, unfair competition and other claims with respect to preparation and filing of trademark applications before the USPTO.  Plaintiffs voluntarily dismissed certain individual defendants in their personal capacity on

**February 9, 2018** to focus the issues in this case.  On **February 27, 2018,** Plaintiffs voluntarily dismissed the law firm of Rogers, Sheffield & Campbell, LLP (RS&C) upon receiving declarations from the Managing Partner & Partner of RS&C provided as **Exhibit 1** and **Exhibit 2** to the Notice of Voluntary Dismissal filed that same day.

Defendant contends that: Trademarks411.com operates a website that provides a user-friendly interface and transmission system for the general public to prepare, and then file, their own trademark applications. Trademarks411.com denies that it engages in the unlawful practice of law, unfair competition, or fraudulent advertising.

**3.  Legal Issues**

Plaintiffs' and Defendant's Position: (1) Whether Plaintiffs have a private right of action under the Federal Trade Commission Act; (2) whether Plaintiffs have standing to sue under Cal. Bus. & Prof. Code § 17200, et seq.; (3) whether Plaintiffs have standing to sue under Cal. Bus. & Prof Code § 17500, et seq.; (4) whether Defendant Trademarks411.com is engaged in the unauthorized practice of law; (5) whether Defendant Trademarks411.com unfairly competes against Plaintiffs; (6) whether Defendant's conduct is the proximate cause of Plaintiffs' harm; (7) whether Defendant Trademarks411.com engages in false advertising.

**4.  Motions**

Plaintiffs' Position: Plaintiffs intend to file a motion for summary judgment at some point after discovery, as well as any other motions it deems appropriate during the pendency of this litigation to be determined at a later time.

Defendant's Position: Defendant Trademarks411.com intends to file a motion to dismiss pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6).

**5.  Amendment of Pleadings**

Plaintiffs' Position: Plaintiff has no present intention to file an amended complaint unless the motion to dismiss contemplated by the Defendant is filed and granted by the court after objection.

**6.  Evidence Preservation**

The Plaintiffs have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action per ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.  Plaintiffs are willing to stipulate to submit to a third party forensics company to preserve evidence with all meta-data intact with a proper custodial chain if the Defendant agrees to do the same.

Defendant's Response: Defendant has been advised of their duties and

obligations with respect to the preservation of evidence. Defendant disputes that production of ESI metadata is necessary or relevant at this time.

### 7.  Disclosures

The Plaintiffs have fully and timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26 by providing a list of people and documents that have information supporting its case.  Plaintiffs await initial disclosures from Defendant.

Defendant's Response: Defendant will make their initial disclosures on or before **March 1, 2018**, which is 14 days following the parties' Rule 26(f) conference, and the date by which such disclosures are due pursuant to Rule 26(a).

### 8.  Discovery

Plaintiffs intend to depose RS&C, Nicholas Greenside, and Stephen Erickson, as well as seek discovery from Trademarks Information International LLC.

### 9.  Class Actions

Not applicable at this time.

### 10. Related Cases

Defendant believes the following eight (8) cases, all in the Northern District to be related :

a.  LegalForce RAPC Worldwide P.C. et al v. MyCorporation Business Services, Inc. et al, 5:18-cv-00142-HRL, N.D. Cal., Judge: Hon. Howard R. Lloyd.

b.  LegalForce RAPC Worldwide P.C. et al v. Cheie et al, 5:18-cv-00127-HRL, N.D. Cal., Judge: Hon. Howard R. Lloyd, N.D. Cal., Judge: Hon. Howard R. Lloyd

c.  LegalForce RAPC Worldwide P.C. et al v. Demassa, 5:18-cv-00043-HRL, Judge: Hon. Howard R. Lloyd

d.  LegalForce RAPC Worldwide, P.C. et al v. Trademark Engine LLC et al, 5:17-cv-07303-LHK, N.D. Cal., Judge: Hon. Judge Lucy H. Koh

e.  Abhyanker et al v. Greenside et al, 5:17-cv-07354-BLF, N.D. Cal. Judge: Hon. Judge Beth Labson Freeman (instant case)

f.  Abhyanker et al v. FileMy, LLC et al, 5:17-cv-07331-NC, N.D. Cal. Judge: Hon. Nathanael M. Cousins

g.  LegalForce RAPC Worldwide P.C. et al v. Swyers et al, 5:17-cv-07318-NC, N.D. Cal. Judge: Hon. Judge Nathanael M. Cousins

h.  LegalForce RAPC Worldwide, P.C. et al v. LegalZoom.Com, Inc. et al, 3:17-cv-07194-MMC, N.D. Cal. Judge: Hon. Maxine M. Chesney

**11. Relief**

Plaintiffs' Response: Plaintiff has calculated its damages based on the

Defendant's estimated harm to its business through its estimated 3 year trademark revenue through online advertising on Google, Bing, and/or other search engines.  Under the three causes of actions pled in the Complaint of federal unfair competition, California unfair competition, and California false and misleading advertising, the Plaintiff seeks temporary and permanent injunctions as defined herein be entered in their favor and against Defendant, enjoining operating any website that attempts to offer any legal services requiring the practice of law including, but not limited to, www.trademarks411.com for U.S. trademark filing and prosecution services for trademark filings before the USPTO, office actions, statements of use, oppositions, trademark watch, renewal, opposition, and litigation services.

The Plaintiffs seek this because further acts of false and misleading advertising and unfair competition by the Defendant would damage or injure Plaintiffs.

The Court find Trademarks411.com's acts of false and misleading advertising and unfair competition to be knowing and willful, and an exceptional case within the meaning of 15 U.S.C. §1117 and California law.

Restitution as allowed under applicable statutes.

Compensatory damages in an amount believed to be in excess of five hundred thousand dollars ($500,000.00) to be determined at trial.  Plaintiffs'

damages are continuing each day as they are unable to compete fairly due to Defendant's unlawful actions, and they will seek treble recovery of all additional damages they incur during the pendency of this lawsuit.

Punitive damages in an amount to be determined at trial.

Legal and equitable further relief as this court finds just and proper.

Permanent exclusion from practice of law before the USPTO and the State of California of Defendant Trademarks411.com and its member Stephen W. Erickson.

Order compelling the USPTO to follow its stated procedures for notification to affected applicants of an excluded marks for all trademarks in which government fees were paid by the excluded party (**Exhibit X** of Complaint) including, but not limited notifications to the affected applicant or registrant that:

i.       Trademarks411.com is not entitled to practice before the USPTO in trademark matters and, therefore, may not represent the applicant or registrant.

ii.      Any trademarks and documents filed by Trademarks411.com are void ab initio, meaning they were invalid from the start of any action taken by the excluded party.

iii.     Trademarks411.com may not sign checkboxes, pay government fees, prepare trademark applications, assist with responses to the USPTO's actions,

authorize examiner's amendments or priority actions, conduct interviews with USPTO employees, or otherwise represent an applicant, registrant, or party to a proceeding before the USPTO.

iv.   All correspondence concerning the application or registration will be sent to the domestic representative if one has been appointed, or, alternatively, and in most circumstances, to the applicant or registrant at his/her address of record.

Plaintiffs be awarded costs, prejudgment interest and attorneys' fees pursuant to 15 U.S. Code § 7706 of the Federal Trade Commission Act for exceptional case, and other applicable statutes.

Defendant's Response: Defendant contends that none of the causes of action pled allow for the recovery of damages.

**12. Settlement and ADR**

Plaintiffs have expressed their willingness to participate in an Early Neutral Evaluation. Plaintiffs have expressed a preference for mediation.

Defendant's Position: Defendant has expressed their willingness to participate in an Early Neutral Evaluation. Plaintiffs have expressed a preference for mediation. However, Defendant contends that damages are not available and Defendant contend that since they are of the belief that Plaintiffs seek to shut down the Trademarks411.com website, it remains unclear to Defendant what

Plaintiffs would seek to accomplish through mediation.

**13. Consent to Magistrate Judge For All Purposes**

Defendant has filed a declination to proceed before a Magistrate Judge for all purposes.

**14. Other References**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties are working together collaboratively to narrow the issues by agreement.

**16. Expedited Trial Procedure**

The parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**17. Scheduling**

Plaintiffs would like to commence discovery at the earliest opportunity in this case for depositions and requests for the production of evidence and tangible things.

Defendant contends that no more than limited discovery should be undertaken before the Court has ruled on their anticipated Rule 12(b)(6) motion, particularly given Defendant's contention that Plaintiffs' claims implicate the entirety of Trademarks411.com's business practices and communications with

its customers.

Defendant's Response: Defendant believes that only limited discovery should proceed before the Court has determined the proper scope of Plaintiffs' claims through the Rule 12(b)(6) motion process. Defendant does not request any other modification to the discovery rules of the Federal Rules of Civil Procedure. Should the case proceed to full discovery, Defendant anticipates seeking discovery of Plaintiffs' claims, injury, and damages. The parties have not agreed to an e-discovery stipulation.

**18. Trial**

Whether the case will be tried to a jury and the expected length of the trial is 2 weeks.

Defendant's Position: The only remedies available to Plaintiffs on their claims are equitable and cannot be heard by a jury. Defendant's expected length of trial is three weeks.

**19. Disclosure of Non-party Interested Entities or Persons**

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

Pursuant to Civil Local Rule 3-15, the following entities and individuals have minority equity stakes in the legal technology company Plaintiff LegalForce, Inc. and are likely interested parties within the meaning of 28

U.S.C. § 455 referenced in Civil Local Rule 3-15 :

    A. **Wilson Sonsini Goodrich & Rosati P.C.**, through the WS Investment Company LLC.

    B. **Roland Vogl**, Executive Director of CodeX: The Stanford Center for Legal Informatics.

    C. **Robert Barr**, former Chief Patent Counsel of Cisco Systems, Of Counsel, Gunderson Dettmer, former Executive Director of Berkeley Boalt School of Law, Center for Law and Technology.

    D. **Daniel Katz**, Associate Professor of Law @ Illinois Tech – Chicago Kent College and the Director of The Law Lab @ Illinois Tech.

    E. **Carolyn Elefant**, Creator of ABA Top100 Blawg, MyShingle.com.

    F. **Richard Granat**, Co-Chair of the eLawyering Task Force of the Law Practice Management Section of the American Bar Association.

    G. **Renee Knake**, Professor of Law and the Larry and Joanne Doherty Chair in Legal Ethics, University of Houston Law Center (options unexercised, anticipating exercise).

    H. **Mitesh Patel**, Supervisor, Intellectual Property Clinic, Lincoln Law School of California.

    I. **Elizabeth Oliner**, Trademark Attorney on UpCounsel, Oliner Law.

    J. **Jeffrey Drazan**, Bertram Capital, venture capitalist.

K. **Montgomery & Hansen LLP**, through M&H Advisors, LLC.

L. **Babar Rana**, former CEO of the former LegalForce, Inc. (LegalForce I) and currently Program Manager of Google, Inc.

The undersigned certifies that as of this date, other than the named parties, and those listed above, the undersigned believes there are no other interested parties to report on behalf of LegalForce, Inc., LegalForce RAPC Worldwide P.C., and Raj Abhyanker, collectively all Plaintiffs.

Pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15, Plaintiffs LegalForce, Inc. and LegalForce RAPC Worldwide P.C., by and through their undersigned attorney, certify the following:  LegalForce, Inc. and LegalForce RAPC Worldwide P.C. has no parent corporation and no publicly held corporation owns 10% or more of its stock.

Defendant's Response: The undersigned is counsel of record for Defendant Trademarks Information International LLC. Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named defendant, there is no such interest to report.

20. <u>Professional Conduct</u>

The attorney for the Plaintiffs has reviewed the Guidelines for Professional Conduct for the Northern District of California.

Defendant's Response: Counsel for Defendant has reviewed the Guidelines

for Professional Conduct for the Northern District of California.

**21. <u>Other</u>**

Nothing at this time.

By__/s/ Raj V. Abhyanker____February 27, 2018
Raj V. Abhyanker
California State Bar No. 233,284
Attorney for Plaintiffs:
LegalForce RAPC Worldwide, P.C.,
LegalForce, Inc., and
Raj V. Abhyanker


Christopher James Beal
California State Bar No. 216,579
Attorney for Defendant:
Trademarks Information International LLC

## **CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____

UNITED STATES
DISTRICT/MAGISTRATE JUDGE

## <u>CERTIFICATE OF SERVICE OF</u>
## <u>DOCUMENT OTHER THAN COMPLAINT</u>

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

I am employed in the County of Santa Clara, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 1580 W. El Camino Real Suite 10 Mountain View California.

On **February 28 2018**, I served the following document(s) described as **FIRST JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court using the CM/ECF System.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.   Participants in the case who are not registered CM/eCF users will be served by mail or by other permitted means.

☒    **BY U.S. MAIL:**  I asked my assistant Astrid Schell via email to place the foregoing document(s) enclosed in sealed envelopes addressed as shown on the Service List.  I am "readily familiar" with LegalForce RAPC Worldwide's practice for collecting and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service the same day in the ordinary course of

business.   It is my understanding that such envelope(s) will be placed for collection and mailing with postage thereon fully prepaid at Mountain View, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of United States that the foregoing is true and correct.

Executed on **February 28, 2018**, at Mountain View, California.


LEGALFORCE RAPC WORLDWIDE P.C.


By___/s/_____
Raj V. Abhyanker
California State Bar No. 233,284
Attorney for Plaintiffs:
LegalForce RAPC Worldwide, P.C.,
LegalForce, Inc., and
Raj V. Abhyanker

**SERVICE LIST**
**Abhyanker et al v. Greenside et al**
**5:17-cv-07354-BLF**
**Beth Labson Freeman, presiding**

1.
Christopher James Beal
Dillon Gerardi Hershberger Miller
& Ahuja, LLP
5872 Owens Avenue
Suite 200
Carlsbad, CA 92008
858-587-1800
858-587-2587 (fax)
cbeal@dghmalaw.com