1  RAJ V. ABHYANKER, California SBN 233,284
   Email: raj@legalforcelaw.com
2  WENSHENG MA, California SBN 299,961
3  Email: vincent@legalforcelaw.com

4  **LEGALFORCE RAPC WORLDWIDE, P.C.**
5  1580 W. El Camino Real, Suite 10
   Mountain View, CA 94040
6  Telephone:    (650) 965-8731
   Facsimile:    (650) 989-2131
7

8  Attorneys for Plaintiffs,
   LegalForce RAPC Worldwide, P.C. and
9  LegalForce, Inc.

10

11                   UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                       SAN JOSE DIVISION

14

15  LEGALFORCE RAPC WORLDWIDE,          Case No. 5:17-cv-07354-BLF
    P.C.;
16  RAJ V. ABHYANKER and                Judge: Honorable Beth L. Freeman
17  LEGALFORCE, INC.,
                                        **PLAINTIFFS DISCOVERY PLAN**
18            Plaintiffs,
                                         **JURY TRIAL DEMANDED**
19        v.

20
    TRADEMARKS INFORMATION
21  INTERNATIONAL LLC.;
22  NICHOLAS GREENSIDE; STEPHEN W.
    ERICKSON; AND
23  ROGERS, SHEFFIELD & CAMPBELL,
    LLP;
24  and DOES 1-50, INCLUSIVE,
25
26            Defendants.
27

28

## I.   CASE SUMMARY

**THEORY OF LIABILITY:**

Trademarks411 and LegalForce compete to provide small businesses with affordable access to legal services that allow them to protect their business names, logos, and slogans through trademark filing with the U.S. Patent and Trademark Office ("USPTO"). Both use technology and innovation to provide trademark filing services for hundreds of dollars instead of the thousands of dollars that traditional law firms charge. They are competitors for low-priced trademark filing services.

But while LegalForce has innovated within the existing regulatory framework that protects consumers from bad legal advice and unscrupulous practices, Trademarks411 has attempted to operate outside of it. Trademarks411's advertisements deceive consumers into believing that all they need is Trademarks411's "world's most advanced trademark system" not services of a licensed U.S. trademark attorney.  In the fine print, Trademarks411 disclaim any notion that it is providing legal advice or that it has any of the duties that would otherwise protect its customers.  For the purposes of this section, Trademarks411 refers to all Defendants collectively operating the website www.trademarks411.com.

Trademarks411 has a substantial cost advantage over LegalForce because it illegally uses non-attorneys in the trademark filing process where legal ethic rules set by the USPTO seem to require attorneys. LegalForce contends that Trademarks411's entire trademark business is built upon the foundation of the unauthorized practice of law. If the law were or is otherwise, LegalForce would and could substantially reduce its costs to compete on a level playing field with Trademarks411.


**THEORY OF DEFENSE:**  Defense counsel will separately provide.

**DAMAGES:**   more than $500,000.


**DEMAND:** Confidential made and due March 23, 2018 at 3:00 P.M.

**OFFER:** Due March 23, 2018 at 12:00 P.M.

Plaintiffs Discovery Plan
CASE NO.: 5:17-cv-07354-BLF

**JURISDICTIONAL QUESTIONS:** None

**QUESTIONS OF LAW:** Resolution of LegalForce's claims in this second amended complaint require this Court to first determine "whether Trademarks411 is engaged in the unauthorized practice of law with regard to trademark filings." If Trademarks411 is engaged in the practice of law, its advertisements and promotions that suggest it can assist with customer trademark filings without following the ethical requirements of lawyers imposed by USPTO regulations are literally false.

If this Court concludes that Trademarks411 is not engaged in the practice of law, then its advertisements that provide consumers with "self help" among others, are misleading. They give the impression that they are receiving qualified advice and representation that affects their legal rights when, in fact, they are not. Either way, LegalForce has lost significant business as a result of Trademarks411's false and misleading promotional statements. Because many Trademarks411 advertisements and promotions would be literally false if this Court were to hold that Trademarks411 is engaged in the unauthorized practice of law, this case will definitively answer the question of the legality of Trademarks411's trademark business model.

**TYPE OF TRIAL:** Jury

## II.   SCHEDULE

**TRACK ASSIGNMENT:** Standard preferred– 12 MONTHS

**TRIAL DATE:** The court has set the Trial Dates for 10/25/2021, 10/26/2021, 10/27/2021, 10/28/2021, 10/29/2021, 11/1/2021, 11/2/2021, 11/3/2021, 11/4/2021, 11/5/2021 09:00 AM in San Jose, Courtroom 3, 5th Floor before Judge Beth Labson Freeman.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** Defense counsel will separately provide.

**AMENDMENT OF PLEADINGS:** Plaintiff: Plaintiffs intend to file a First Amended

Complaint on March 23, 2018 unless a settlement is reached.

**JOINDER OF ADDITIONAL PARTIES:**  Plaintiff intends to add back in defendants Stephen W. Erickson, Rogers, Sheffield & Campbell, LLP, and Nicholas Greenside along with the filing of the First Amended Complaint.

**THIRD-PARTY ACTIONS:**  unknown, no later than 90 days after preliminary pretrial Conference.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

Plaintiff: unknown.

Defendant: Defendants will provide.

Supplementations under Rule 26(e) due: time(s) or interval(s).

The parties have not stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2).

**COMPLETION OF DISCOVERY:**

(1) Date all discovery complete will be 60 days prior to trial date.

**MOTIONS FOR SUMMARY JUDGMENT:** No later than 120 days prior to trial date.

**CHALLENGES TO EXPERT TESTIMONY:** No later than 45 days prior to trial date.

### III.   DISCOVERY

**DISCOVERY NEEDED:**

How Trademarks411 operates to prepare and file trademarks and other questions relevant to the allegations in the soon to be filed FAC.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**

The parties have not stipulated to a different method of disclosure than that required by Fed. R. Civ. P. 26(a)(1) or have agreed not to require any Rule 26(a)(1) disclosures.

**INTERROGATORIES:**  If Defendants agree, Plaintiffs agree to a maximum of (number) 25 interrogatories by each party to any other party.   Responses due 30 days after service unless otherwise agreed to

pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**  If Defendants agree,  Plaintiffs agree to a maximum of (number) 50 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. (pending agreement with Defense counsel)

**DEPOSITIONS:**   If Defendants agree, Plaintiffs agree to a maximum of (number) 12 depositions by plaintiff(s) and 12 by defendant(s). Each deposition will be limited to a maximum of 7 hours unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

If Defendants agree, Plaintiffs agree to produce all electronically stored information ("ESI") in a forensically preserved manner with all meta-data in tact.     Pending further negotiation with defense counsel.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

Plaintiffs have provided a draft protective order to defendants, awaiting their approval.

**IV.   OTHER ITEMS**

**SETTLEMENT POSSIBILITIES:**

(1) Is possible prior to 3 P.M. on March 23, 2018 if Defendants and Plaintiffs reach an agreement.

**JOINT STATEMENT RE: MEDIATION:**   No mediation is scheduled.

**TRIAL ESTIMATE:** 2 weeks.

**WITNESSES AND EXHIBITS:** Due dates are as follows, and will be set by the clerk's notice of trial assignment.   Plaintiffs believe :   Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.  Objections are due 14 days after service of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:** The Plaintiffs request a preliminary pretrial conference with the court before entry of the scheduling order.

The Plaintiffs have no other matters which should be brought to the court's attention including other orders that should be entered under Fed. R. Civ. P. 26(c) or 16(b) and (c)  at this time.

Respectfully submitted this Thursday March 22, 2018.

LEGALFORCE RAPC WORLDWIDE P.C.

By  /s/ Raj V. Abhyanker
Raj V. Abhyanker
California State Bar No. 233,284
Attorney for Plaintiffs:
LegalForce RAPC Worldwide, P.C. and
LegalForce, Inc.