IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TRADEMARK INFORMATION INTERNATIONAL LLC, et al.,<br><br>Defendants. | Case No. 17-cv-07354-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT; DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS INITIAL COMPLAINT; AFFORDING PLAINTIFFS LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 25, 42 |

Before the Court is the Motion, filed April 6, 2018, by defendants Trademarks Information International LLC ("TM411"), Nicholas Greenside ("Greenside"), Stephen W. Erickson ("Erickson"), and Rogers, Sheffield & Campbell, LLP ("RS&C"), "to Dismiss Plaintiffs' First Amended Complaint."[1] Plaintiffs LegalForce RAPC Worldwide, P.C. and LegalForce, Inc. have filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

**BACKGROUND**

Plaintiffs allege that TM411 "operat[es] the website Trademarks411.com" (see First Amended Complaint ("FAC") ¶ 4), through which it offers "trademark filing services"

---

[1] Defendants' motion, filed March 5, 2018, to dismiss plaintiffs' initial complaint is hereby DENIED as moot. See Bullen v. De Bretteville, 239 F.2d 824, 833 (9th Cir. 1956), cert. denied, 353 U.S. 947 (1957) (holding "an amended pleading supersedes the original, the latter being treated thereafter as non-existent").

[2] By order filed May 14, 2018, the Court took the matter under submission.

1  (see FAC at 2:8). Plaintiffs further allege that Greenside and Erickson are "owner[s]" of
2  TM411 (see FAC ¶¶ 5-6), and that Erickson is the "Managing Partner" of RS&C, a law
3  firm (see FAC ¶ 3). According to plaintiffs, defendants have violated the Lanham Act, as
4  well as §§ 17200 and 17500 of the California Business & Professions Code by making
5  "false and misleading" statements on TM411's website and in its "[a]d copy" (see FAC
6  ¶ 53), and, in addition, have violated § 17200 by engaging in other types of assertedly
7  wrongful conduct (see, e.g., FAC ¶ 76).

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

Defendants argue each of plaintiffs' claims is subject to dismissal. The Court considers the claims in turn.

**A. First Claim for Relief ("False Advertising and Unfair Competition[;] The Lanham Act")**

The Lanham Act prohibits any person from using, "on or in connection with any goods or services, . . . any . . . false or misleading description of fact, or false or misleading representation of fact, which . . . misrepresents the nature, characteristics [or] quality . . . of his or her or another person's goods, services, or commercial activities." See 15 U.S.C. § 1125(a)(1).

Plaintiff's Lanham Act claim is based on five allegedly "false and misleading" statements made by TM411. Defendants argue that all of the challenged statements are non-actionable, and, additionally, that plaintiffs have failed to plead any facts to support a finding that Greenside, Erickson, or RS&C can be held liable for any statement made by TM411.

**1. False Statement of Fact**

To be actionable under the Lanham Act, the defendant's representation must be a "statement[ ] of fact" that is false or misleading. See Cook, Perkiss & Liehe, Inc. Northern California Collection Service Inc., 911 F.2d 242, 244 (9th Cir. 1990) (internal quotation and citation omitted).

Defendants argue that two of the five statements on which the claim is based are non-actionable puffery, specifically, (1) the question "Why Pay More?," alleged to be contained in TM411's "ad copy" (see FAC ¶ 53.b.) and (2) the phrase "America's #1 Trademark System," also alleged to be contained TM411's "ad copy" (see FAC ¶ 53.c.). The Court agrees.

"[P]uffery in advertisements" are "either vague or highly subjective" assertions, for example, an advertisement that "states in general terms that one product is superior." See Cook, Perkiss & Liehe, 911 F.3d at 246 (internal quotation and citation omitted).

3

1  Here, "Why Pay More?" and "America's #1 Trademark System" are "general assertions of
2  superiority" that lack "the kind of detailed or specific factual assertions that are necessary
3  to state a false advertising cause of action." See id. (holding "general assertions" as to
4  better service and lower rates constitute mere "puffing"); see also Coastal Abstract
5  Service, Inc. v. First American Title Ins. Co., 173 F.3d 725, 731 (9th Cir. 1999)
6  (characterizing "puffery" as statement not "capable of being proved false"). Although
7  plaintiffs argue the two statements imply that TM411 provides its customers with legal
8  advice, plaintiffs fail to allege sufficient facts to support a finding that any such inference
9  reasonably would be drawn by consumers, particularly given plaintiffs' acknowledgement
10 that TM411 "represents on its website that it does not practice law." (See FAC ¶ 13.a.)

11 Accordingly, to the extent the First Claim for Relief is based on "Why Pay More?"
12 and "America's #1 Trademark System," the claim will be dismissed.

13 Defendants next argue that plaintiffs fail to allege any facts to support a finding of
14 false or misleading content in any of the remaining three challenged statements, namely:
15 (1) the statement on TM411's website that TM411 "does not practice law" (see FAC
16 ¶ 53.a.); (2) the statement, allegedly located on the "home page" of TM411's website,
17 that "[w]e guarantee your trademark gets filed, or your money-back [sic]" (see FAC
18 ¶ 53.d.); and (3) the statement that "[y]our information is protected," likewise alleged to
19 be located on the "home page" of TM411's website (see FAC ¶ 53.e.). As discussed
20 below, the Court, again, agrees.

21 With respect to the statement that TM411 "does not practice law," plaintiffs allege
22 the statement is "false and misleading" (see FAC ¶ 13), for the asserted reason that
23 TM411 has "list[ed] its email address uspto@trademarks411.com as a trademark
24 correspondent on at least 7,247 trademark applications" (see FAC ¶ 12), which
25 applications TM411 "filed with the USPTO [United States Patent and Trademark Office]"
26 (see FAC ¶ 13.a.). Although plaintiffs allege that a "self help filing service would not list
27 itself as a trademark correspondent" (see id.), plaintiffs fail to allege any facts to support a
28 finding that the usage of the term "correspondent" on a trademark application constitutes

4

a representation by the submitting party that he/she is an attorney, let alone that such a statement would be so understood by consumers.

Next, plaintiffs allege the statement that TM411 "guarantee[s] your trademark gets filed, or your money back" is misleading, as, according to plaintiffs, it "misleads consumers to believe that [TM411] can file any and all trademarks including ones that the customer does not own and fraudulent trademark applications." (See FAC ¶ 13.d.) Where, as here, a plaintiff does not allege a statement is "literally false,"[3] such plaintiff must establish the statement "has misled, confused, or deceived the consuming public." See Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1140 (9th Cir. 1997). Stated otherwise, "where the advertisements are not literally false," the plaintiff "cannot obtain relief by arguing how consumers could react; [the plaintiff] must show how consumers actually do react." See Sandoz Pharmaceuticals Corp. v. Richardson-Vicks, Inc., 902 F.2d 222, 228-29 (3rd Cir. 1990) (emphasis in original). Plaintiffs fail, however, to allege any facts to support a finding that consumers who have read the above statement have been misled to believe that TM411 will submit to the USPTO applications for trademarks that consumers do not own or applications that are otherwise fraudulent.

Lastly, plaintiffs allege the statement that "your information is protected" is misleading, as, according to plaintiffs, it "misleads consumers to believe that communications with [TM411] are protected by the attorney client privilege or attorney work product privilege. (See FAC ¶ 13.e.) Again, as plaintiffs do not allege the challenged statement is literally false, plaintiffs, to state a cognizable claim, must allege the statement has actually deceived consumers. Plaintiffs fail, however, to allege any facts to support a finding that consumers who have read the challenged statement actually have been misled to believe that their communications with TM411 were protected by reason of an attorney-client or work product privilege.

---

[3]Plaintiffs do not allege TM411 fails to refund fees paid to it by persons whose applications are denied by the USPTO.

5

Accordingly, to the extent the First Claim for Relief is based on the statements that that TM411 "does not practice law," that TM411 "guarantees your trademark gets filed, or your money back," and "your information is protected," the claim will be dismissed.

**2. Liability of Defendants Other Than TM411**

As defendants correctly observe, the complaint includes no facts to support a finding that Greenside, Erickson, and RS&C can be held liable for any false or misleading statements made by TM411.

Under some circumstances, a person or entity other than the speaker can be held liable under the Lanham Act for false advertising. For example, a "corporate officer or director" can be held liable for a violation he has "authorize[d] or direct[ed] or in which he participate[d]." See Coastal Abstract Service, 173 F.3d at 734. Here, however, plaintiffs fail to allege any facts to support a finding that Greenside or Erickson authorized, directed, or participated in the making of any of TM411's allegedly false or misleading statements, or any facts to support a finding that either such individual owner, or non-owner RS&C, otherwise can be held liable for statements made by TM411.

In their opposition, plaintiffs argue that Greenside and Erickson should be held liable for any false or misleading statements by TM411 under "the alter ego doctrine." (See Pls.' Opp. at 21:16-17.)[4] Under California law,[5] there are "two general requirements" for establishing liability under an alter ego theory: (1) "there [is] such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist;" and, (2) "if the acts are treated as those of the corporation alone, an inequitable result will follow." See Mesler v. Bragg Mgmt. Co., 39 Cal.3d 290, 300 (1985) (internal quotation and citation omitted). Here, plaintiffs fail to allege any facts

---

[4]Plaintiffs' opposition does not identify any theory under which plaintiffs contend RS&C can be held liable for any false or misleading statement by TM411.

[5]State law governs a district court's determination as to whether, for purposes of the Lanham Act, an individual and a corporation are alter egos. See U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1043 (9th Cir. 1986).

6

to support a finding that the "separate personalities of the corporation and the individual no longer exist" or that, if only TM411 were to be found liable for making the allegedly false and misleading statements, an "inequitable result will follow." See id.; see also Twombly, 550 U.S. at 555 (requiring more than "labels and conclusions" to survive motion to dismiss).

Accordingly, to the extent the First Claim for Relief is asserted against Greenside, Erickson and RS&C, the claim will be dismissed for this additional reason.

**B. Second Claim for Relief ("California False & Misleading Advertising[;] Cal. Bus. & Prof. Code § 17500 Et Seq.")**

The Second Claim for Relief, alleging false advertising in violation of § 17500, is based on the same five statements challenged in the First Claim for Relief. (See FAC ¶ 64.)

As claims under § 17500 are "substantially congruent" to false advertising claims under the Lanham Act, the Second Claim for Relief will be dismissed for the reasons stated above with respect to the First Claim for Relief. See Appliance Recycling Centers of America, Inc. v. JACO Environmental, Inc., 378 Fed. Appx. 652, 656 (9th Cir. 2010) (holding, where summary judgment properly granted in favor of defendant on Lanham Act false advertising claim, summary judgment on § 17500 claim likewise proper).

**C. Third Claim for Relief ("California Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 Et Seq.")**

In the Third Claim for Relief, plaintiffs allege defendants, in violation of § 17200, have engaged in "unlawful, unfair and fraudulent" conduct. (See FAC ¶ 71.)

To the extent the claim is based on any statement challenged in the First Claim for Relief (see, e.g., FAC ¶ 77.a., 77.f.), the Third Claim for Relief will be dismissed for the reasons stated above with respect to the First Claim for Relief, as "claims of unfair competition" brought under § 17200 are "substantially congruent to claims made under the Lanham Act." See Cleary v. News Corp., 30 F.3d 1255, 1262-63 (9th Cir. 1994) (holding, where Lanham Act claim properly dismissed, dismissal of § 17200 claim based on same factual allegations likewise proper).

To the extent plaintiffs allege a violation based on other wrongful conduct, such as TM411's having "purchas[ed] Google Adwords keywords that include [LegalForce, Inc.'s] 'Trademarkia' term" (see FAC ¶ 78), Greenside's having "submitted fraudulent specimens" to the USPTO (see FAC ¶ 73.b), Erickson's having "failed to maintain an IOLTA account for customers of [TM411]" (see FAC ¶ 76.a.), and RS&C's having "fail[ed] to self-regulate conduct of [its] non-practitioner assistant[s]" (see FAC ¶ 73.d.), the Court declines to exercise supplemental jurisdiction over the Third Claim for Relief,[6] given the dismissal of plaintiffs' Lanham Act claim and the early stage of the proceedings. See 28 U.S.C. § 1367(c)(3) (providing, where district court has dismissed claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over remaining claims). Accordingly, such portions of the Third Claim for Relief will be dismissed pursuant to § 1367(c)(3), without prejudice to refiling in state court, or, if plaintiffs elect to amend their Lanham Act claim, without prejudice to refiling in this action.

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss the First Amended Complaint is hereby GRANTED, and the First Amended Complaint is hereby DISMISSED in its entirety. Plaintiffs are hereby afforded leave to amend for purposes of curing the deficiencies identified above.[7] Any such Second Amended Complaint shall be filed no later than June 15, 2018, and plaintiffs may not add therein any new defendants or any new claims, without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2).

//

//

//

---

[6] The Court's jurisdiction over plaintiffs' state law claims is supplemental in nature. (See FAC ¶ 8.)

[7] If plaintiffs file a Second Amended Complaint, they may, but are not required to, amend the portions of the Third Claim for Relief that have been dismissed pursuant to § 1367(c)(3).

8

In light of the above, the Case Management Conference is hereby CONTINUED from June 8, 2018, to August 31, 2018, at 10:30 a.m. A Joint Case Management shall be filed no later than August 24, 2018.

**IT IS SO ORDERED.**

Dated: May 25, 2018

MAXINE M. CHESNEY
United States District Judge